*State of Maryland v. Larry Daniel Bratt*, No. 874, September Term, 2018. Opinion by Fader, C.J.

**SENTENCING – ILLEGAL SENTENCE – CREDIT FOR TIME SERVED**

A motion to correct an illegal sentence under Rule 4-345 is an appropriate mechanism to challenge a failure to award credit for time served that, if not correct, would result in incarceration beyond the limit allowed by statute.

**SENTENCING – CORRECTION OF COMMITMENT RECORD**

The circuit court validly provided credit for time served by amending the defendant's commitment record to reflect the correct start date of his sentence. Under Rule 4-351(a), the court was not required to hold a hearing before correcting the commitment record.

**SENTENCING – MOTION TO CORRECT ILLEGAL SENTENCE**

Where the defendant's sentence was legal at the time he filed a motion to correct an illegal sentence, the circuit court erred in granting the motion.

Circuit Court for Anne Arundel County
Case No. 02-K-99-000032

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 874

September Term, 2018

_____

STATE OF MARYLAND

v.

LARRY DANIEL BRATT

_____

Fader, C.J.,
Meredith,
Raker, Irma S.
 (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Fader, C.J.

_____

Filed:  May 30, 2019

 Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

In 2018, the appellee, Larry Daniel Bratt, filed a motion to correct an illegal sentence in which he argued that his sentence was illegal because he had not received the full amount of credit for time during which he was incarcerated before his conviction. The appellant, the State of Maryland, contends that the Circuit Court for Anne Arundel County erred when it granted that motion, struck Mr. Bratt's then-existing sentence, and resentenced him.

Our resolution of that claim centers on the effect, if any, of the circuit court's 2017 amendment of Mr. Bratt's commitment record—made at Mr. Bratt's request—to reflect the full amount of credit to which he was entitled. Mr. Bratt concedes that the 2017 amendment gave him all the credit to which he was entitled, but contends that the amendment was of no force or effect because it was accomplished without first providing him a hearing. The State argues that the 2017 amendment was valid, that no hearing was required to accomplish it, and, therefore, that Mr. Bratt's sentence was legal at the time he filed his motion in 2018 and so could not be "corrected."

Notably, both parties are in complete agreement that Mr. Bratt's current sentence, which is identical to the sentence that was on the books following the 2017 amendment, is legal and correct. The terms of Mr. Bratt's current sentence thus do not hang on our decision here. Instead, the real consequence of our decision is whether Mr. Bratt will receive a new opportunity to seek a modification of that sentence. Rule 4-345(e) allows a defendant to file a motion seeking modification of a sentence "within 90 days after imposition of a sentence." Mr. Bratt filed such a motion within 90 days of the court resentencing him. If Mr. Bratt is correct that his sentence at the time he filed his 2018 motion was illegal, that means the court was correct to strike it and impose a new sentence,

his motion for modification was timely, and the court may consider it. If the State is correct that the sentence as it stood in 2018 was legal, then there was no basis for striking it and the motion for modification must be denied as untimely. Either way, Mr. Bratt's current sentence, for all practical purposes, stays the same.

We conclude that the 2017 amendment was effective and that Mr. Bratt's sentence was legal at the time he filed his motion in 2018. We will therefore reverse.

## BACKGROUND

On August 8, 1983, a jury sitting in the Circuit Court for Anne Arundel County found Mr. Bratt guilty of two counts of first degree murder. That same day, the court sentenced Mr. Bratt to two life sentences to be served consecutively. This Court affirmed the conviction. *Bratt v. State*, 62 Md. App. 535 (1985). The facts supporting Mr. Bratt's conviction, which are irrelevant to our disposition here, are recited in this Court's opinion on Mr. Bratt's direct appeal. *See id.*

In 1992, Mr. Bratt wrote a letter to the trial judge in which he requested credit for pretrial incarceration for (1) ten months served at the Anne Arundel County Detention Center and (2) three months served at the Dekalb County Jail in Georgia. Mr. Bratt claimed to have been "locked up on July 16, 1982," but provided no supporting documentation. He further asked the court to modify his two life sentences from consecutive to concurrent terms. The court denied his request.

In 1995, the Maryland Division of Corrections sent a letter to the trial judge in which it (1) identified that Mr. Bratt had been detained at the Anne Arundel County Detention

Center before his conviction, beginning on October 26, 1982, and (2) asked whether the court intended his sentence to be imposed beginning on that date, rather than on the date of sentencing. In response, the court issued an order stating: "After reviewing the file, the Court determines that Larry Bratt, under Art. 27 § 638C, is entitled to credit for time served in custody prior to the conviction. Thus, the sentence will run from the time of incarceration in the Anne Arundel County Detention Center on 10/26/82." On September 13, 1995, a new commitment record was entered reflecting the October 26, 1982 commencement date.

Over the ensuing years, Mr. Bratt raised multiple challenges to his sentence.[1] Most relevant to this appeal are his two most recent, both of which asked the circuit court to change the start date for his first sentence from October 26, 1982 to July 16 of that year. First, in October 2017, Mr. Bratt filed a Petition for Pre-Trial Incarceration Credit and Correction of Commitment Record (the "2017 Petition for Credit"), in which he asserted that he was incarcerated for 102 days in Georgia before being transferred to Anne Arundel

---

[1] In 1996, Mr. Bratt moved to modify his sentences from consecutive to concurrent terms, which the circuit court denied. In 1998, a post-conviction court permitted Mr. Bratt to file a belated motion for modification of his sentence and for sentence review by a three-judge panel. The circuit court denied his belated motion for modification, and the three-judge panel affirmed his sentences in 2000. This Court (1) denied Mr. Bratt's application for leave to appeal from the partial denial of his post-conviction petition, *Bratt v. State*, No. 1209, Sept. Term 1999 (Feb. 22, 2000); (2) dismissed his appeal of the three-judge panel's order, *Bratt v. State*, No. 362, Sept. Term 2000 (Dec. 15, 2000); and (3) affirmed the circuit court's denial of a 2005 pro se motion to correct an illegal sentence, in which he alleged that his due process rights were violated for failure of the court and his counsel to request a pre-sentencing investigation, *Bratt v. State*, No. 1879, Sept. Term 2005 (Oct. 4, 2006). In 2011, Mr. Bratt unsuccessfully sought to reopen post-conviction proceedings. *Bratt v. State*, No. 847, Sept. Term 2011 (July 31, 2012).

County and requested that the court award him credit against his sentence by "issu[ing] an Amended Commitment Record indicating that [his] sentence" began on July 16, 1982. In the motion, Mr. Bratt requested a hearing "pursuant to Rule 4-345(f)."

The State did not oppose the relief requested in the 2017 Petition for Credit, but asked the court to grant it "without a hearing." On November 3, 2017, without a hearing, the circuit court granted the petition and ordered the clerk to issue an amended commitment record "indicating that Petitioner's sentence commence as of 16 July 1982." The clerk then issued an amended commitment record stating that "[t]he Defendant's Commitment is to have a commencement date of July 16, 1982." We refer to that change as the 2017 Amendment.

Second, in January 2018, Mr. Bratt filed a Motion to Correct Illegal Sentence (the "2018 Motion to Correct"). In the 2018 Motion to Correct, Mr. Bratt recited that he had requested a hearing in the 2017 Petition for Credit but did not receive one. As a result of that failure, he claimed, (1) the 2017 Amendment was "of no legal force or effect," and, therefore, (2) his original sentence, which had been imposed without affording him full credit for time served, was still in effect and illegal. The court held a hearing on the motion, during which the State and Mr. Bratt agreed that he was entitled to 102 days' credit for time served in Georgia and that the proper start date of his sentence was July 16, 1982. The State, however, argued that Mr. Bratt had received all the relief he was entitled to in 2017 and, therefore, that his then-current sentence was lawful.

4

At the conclusion of the hearing, the court granted Mr. Bratt's 2018 Motion to Correct. In its oral ruling and as reflected in a written order entered the same day, the court: (1) agreed with Mr. Bratt that the 2017 Amendment "was not sufficient to correct the illegal sentence as a hearing in open court was required"; and (2) concluded, therefore, that Mr. Bratt's sentence was then illegal because he was "currently serving **two consecutive life sentences PLUS 102 days** for two counts of first degree murder when the maximum sentence allowed by law would be two consecutive life sentences." As a result, in open court, the court struck the existing sentence and resentenced Mr. Bratt to "life in prison" on the first count, to begin on July 16, 1982, and a consecutive life sentence on the second count. The court then informed Mr. Bratt that he had "90 days to file a modification of sentence," which Mr. Bratt subsequently did.

The State timely appealed.

## DISCUSSION

### I. THE ORDER GRANTING MR. BRATT'S 2018 MOTION TO CORRECT AN ILLEGAL SENTENCE IS APPEALABLE.

As a preliminary matter, Mr. Bratt asks us to dismiss this appeal as not allowed by law. He argues that the State has no right of appeal pursuant to § 12-302 of the Courts and Judicial Proceedings Article because the circuit court did not actually impose or modify Mr. Bratt's sentence; instead, he argues, the court "recognized an illegal sentence and corrected it." We find no merit in Mr. Bratt's motion.

As an initial matter, we note that Mr. Bratt's position with respect to his motion to dismiss—that the circuit court did not actually modify his sentence or impose a new one—

5

is inherently contradictory to his position on the merits—that the circuit court correctly granted his 2018 motion because the prior sentence was unlawful and the new one is lawful. If Mr. Bratt were to prevail on his motion to dismiss on the basis that the circuit court did not actually impose a new sentence, his motion for modification would have to be denied for the same reason.

Mr. Bratt is saved from that fate, however, because we conclude that his motion to dismiss is without merit. Section 12-302(c) provides that "[t]he State may appeal from a final judgment if the State alleges that the trial judge: . . . [i]mposed or modified a sentence in violation of the Maryland Rules." Md. Code Ann., Cts. & Jud. Proc. § 12-302(c)(3)(ii) (Repl. 2013; Supp. 2018). Here, after concluding that Mr. Bratt's existing sentence was illegal, the circuit court expressly struck that sentence and imposed a new one. The State contends that the circuit court did so in violation of the Maryland Rules. Specifically, the State contends that Mr. Bratt's prior sentence was not illegal and, therefore, that the circuit court had no valid basis to strike it and impose a new sentence. The State's appeal is therefore authorized by § 12-302(c)(3)(ii).

Mr. Bratt's arguments to the contrary are unavailing. We struggle to understand his contention that the court did not really impose a new sentence, both because it is inconsistent with his merits argument and because it ignores what the court said it actually did, which was to strike the prior sentence and impose a new, albeit identical, one. And the cases on which Mr. Bratt relies are inapposite. *State v. Warfield*, 148 Md. App. 178 (2002), was superseded by the statutory provision on which the State now relies, *see State*

6

*v. Karmand*, 183 Md. App. 480, 488-89 (2008), and in *State v. Clements*, 461 Md. 280, 294 (2018), the Court of Appeals determined that the provision did not apply because the circuit court had not yet imposed a new sentence. We will deny the motion to dismiss.

## II. THE COURT ERRED IN GRANTING MR. BRATT'S 2018 MOTION TO CORRECT AN ILLEGAL SENTENCE.

We "review[] without deference the issue of whether a sentence is illegal." *Nichols v. State*, 461 Md. 572, 598 (2018). That is because "the only question is whether the ultimate sentence itself is or is not inherently illegal. That is quintessentially a question of law calling for *de novo* appellate review." *Carlini v. State*, 215 Md. App. 415, 443 (2013).

### A. The Parties' Arguments

Because neither party's argument entirely meet that of the other, we pause to explain the disconnect. As we see it, the critical issue is the state of Mr. Bratt's sentence when he filed the 2018 Motion to Correct. Mr. Bratt contends that his sentence at that time was two consecutive life terms of imprisonment, with credit only for the time he spent detained in Anne Arundel County and no credit for his time served in Georgia beginning on July 16, 1982.[2] Mr. Bratt reaches that conclusion by disregarding the 2017 Amendment according to the following logic: (1) under Rule 4-345(f), a court is not permitted to modify or correct

_____

[2] Mr. Bratt's contention is somewhat different than the circuit court's view that Mr. Bratt's sentence as of January 2018 was "**two consecutive life sentences PLUS 102 days**." We do not agree with that characterization. As this Court recognized in *Smith v. State*, failure to give proper credit for time served before conviction does not affect the legality of the term of the sentence imposed; it instead results in a separate violation of a statutory requirement to provide a credit against that term. 31 Md. App. 310, 320 (1976) ("As we have indicated, the 12 year term imposed was legal, and the only aspect of the sentence that was illegal was the lack of credit for time served.").

7

a sentence without holding a hearing; (2) in *Mateen v. Saar*, the Court of Appeals stated that a modification of a sentence that is made without a hearing is "of no legal force or effect," 376 Md. 385, 399 (2003); and, therefore, (3) the 2017 Amendment, which was made without a hearing, is void.

The State's response is addressed primarily to an argument that Mr. Bratt never makes, at least not on appeal: that the sentence as it existed after the 2017 Amendment was illegal because he was not provided a hearing before that change was made. The State contends that that claim is not cognizable under Rule 4-345(a) because it is premised on a procedural problem—the failure to hold a hearing—rather than a substantive deficiency inherent to the sentence itself.[3]

The State also presents two additional arguments that apply equally to the claim Mr. Bratt actually makes—that his sentence as it stood beginning in 1995, and continued until the court acted in 2018, was illegal because it did not fully credit his time served—and to the argument that the State believes Mr. Bratt is making. First, relying on *Haskins v. State*, 171 Md. App. 182, 189 (2006), the State argues that a motion to correct an illegal sentence based on the failure to provide credit for time served is not cognizable under Rule 4-345(a). Second, the State contends that the circuit court actually awarded Mr. Bratt credit for time served in 1995, and that the only issue addressed in the court's November 2017 order was

---

[3] If Mr. Bratt's argument that his sentence was illegal had been premised on the failure to hold a hearing in 2017, we would have agreed with the State that it would not be cognizable under Rule 4-345(a), which concerns only substantive illegalities that inhere in the sentence, not procedural illegalities. *See, e.g.*, *Colvin v. State*, 450 Md. 718, 725 (2016). However, that is not Mr. Bratt's argument, at least as we understand it.

correcting the *amount* of credit to which Mr. Bratt was entitled. That problem was not fully corrected earlier, the State argues, because it was not until October 2017 that Mr. Bratt provided documentation to verify the fact and length of his incarceration in Georgia. We address each of these arguments below.

**B.      A Defendant Is Entitled to Credit for Time Served.**

Under § 6-218(b) of the Criminal Procedure Article, a defendant is entitled to "credit against and a reduction of the term of a definite or life sentence . . . for all time spent in custody of a correctional facility . . . ." Md. Code Ann., Crim. Pro. § 6-218(b)(1) (Repl. 2018). Thus, subject to caveats not relevant here, a sentence imposed against a defendant must credit him or her for time spent in custody. *See Lawson v. State*, 187 Md. App. 101, 107 (2009) ("[U]pon conviction, a defendant must be credited for time he has served in custody because of that crime.") (internal quotation marks removed); *Smith*, 31 Md. App. at 315 ("Credit is required to be given for time spent in custody . . . ."). Because the parties agree as to the amount of time Mr. Bratt spent incarcerated before trial, they also agree that the correct start date for his sentence is July 16, 1982.

**C.      A Claim That an Inmate Has Been Denied Credit for Time Served Can Be Raised in a Motion to Correct an Illegal Sentence Under Rule 4-345(a).**

The parties disagree as to whether a motion to correct an illegal sentence can be premised on the failure to provide proper credit for time served. Mr. Bratt relies primarily on *Smith v. State* in arguing that a motion to correct an illegal sentence is a proper mechanism to challenge the failure to provide appropriate credit. In *Smith*, the circuit court sentenced a defendant found guilty of murder to 12 years' incarceration without affording

9

credit for 19 months' time she served before trial.[4]  31 Md. App. at 312-13.  Upon realizing

its error, the court sought to correct it.  However, instead of providing the credit against the

sentence it had just imposed, the court resentenced the defendant to 15 years' incarceration

and then provided the 19 months' credit against that new sentence.  *Id.* at 315.  On appeal,

this Court concluded that the actual term of the sentence initially imposed—12 years'

incarceration—was legal, and that "the only aspect of the sentence that was illegal was the

lack of credit for time served."  *Id.* at 320.  As a result, we held, the circuit court should

have granted credit for time served without lengthening the term of the sentence:  the Rule

allowing correction of an illegal sentence at any time—what is now Rule 4-345(a)—

"permitted th[e] defect [in not awarding credit] to be corrected, but it did not empower the

judge to strike the 12 year term."  *Id.*

The State responds that we should decline to follow our precedent in *Smith*, which

the State mentions only in a brief footnote, because it "was decided long before the scope

of 'illegal sentence' was defined."  However, the State does not explain what aspect of the

definition subsequently given to the scope of a motion to correct an illegal sentence has

purportedly rendered *Smith* bad law.  The State cites generally to cases that identify the

scope of Rule 4-345(a) as limited to substantive deficiencies that inhere in a sentence.  *See,*

*e.g., Chaney v. State*, 397 Md. 460, 466 (2007).  However, it is not readily apparent how

that limitation would preclude a motion based on failure to award credit for time served,

---

[4] *Smith* involved a host of procedural errors committed by the circuit court in its effort to correct its originally-defective sentence, most of which we do not discuss because they are not relevant here.

10

which, if true, is a defect that actually increases the length of time an inmate is required to serve beyond what is permitted by statute. We do not find the State's attempt to distinguish *Smith* persuasive.

As an alternative to *Smith*, the State relies on *Haskins v. State*. There, we addressed an inmate's claim, raised by a motion to correct an illegal sentence, that he was entitled to credit for time he had previously served on different convictions. 171 Md. App. at 185. Before reaching that issue, however, we "[p]reliminarily" expressed skepticism as to whether that claim was "a proper subject for a motion to correct illegal sentence." *Id.* at 188. Noting that the inmate was not challenging the actual sentence he was then serving, we stated that "[i]t thus appears that the motion did not have a proper basis, and the trial court correctly denied it for that reason." *Id.* at 189. We nonetheless assumed, without deciding, that a motion to correct an illegal sentence was a proper mechanism to bring that challenge, and went on to decide the merits. *Id.* Notably, the relevant passage in *Haskins*, which the State properly acknowledges is dicta, did not refer to or distinguish this Court's earlier decision in *Smith*. Indeed, it is not apparent from the discussion in *Haskins* that this issue was raised or briefed by the parties at all.

We see no basis on which to disturb this Court's decision in *Smith* that what is currently Rule 4-345(a) is an appropriate mechanism to correct a failure to award credit for time served. If a court has refused to provide appropriate credit, the effect is to leave the inmate incarcerated beyond the term legally permitted. That would therefore result in a

11

substantive illegality, not a procedural one, and is the proper subject of a motion to correct an illegal sentence.

Notably, however, as this Court observed in *Smith*, although a failure to provide proper credit against a sentence has the effect of unlawfully increasing the amount of time an inmate may remain incarcerated, it does not call into question the term of the sentence imposed. 31 Md. App. at 320. The problem is the violation of the statutory requirement to provide credit against that term, not the term itself. *Id.* Thus, even if it had been appropriate for the court to grant Mr. Bratt's 2018 Motion to Correct, the appropriate relief would have been to provide credit for time served, not to strike and reimpose Mr. Bratt's two life terms. As we explain below, however, even that was unnecessary as a result of the 2017 Amendment.

**D.   The 2017 Amendment Properly Amended the Commitment Record; No Hearing Was Required.**

The parties disagree as to the effect of the court's November 2017 ruling that (1) concluded that Mr. Bratt was entitled to a credit of 102 days for the time he spent incarcerated in Georgia before being transferred to Anne Arundel County and (2) ordered that his commitment record be amended to reflect that credit by identifying the start date for the first of his two consecutive life sentences to be July 16, 1982. Relying on *Mateen v. Saar*, 376 Md. at 399, Mr. Bratt contends that the 2017 Amendment should be disregarded. The circuit court agreed. The State never addresses *Mateen* directly, but separately argues that no hearing was required for the circuit court to validly amend the

12

commitment record to reflect the correct start date for Mr. Bratt's sentence. We agree with the State.

In *Mateen*, the Court of Appeals concluded that a sentence of 50 years' imprisonment for first-degree murder was illegal because a statute mandated a minimum sentence of life. *Id.* at 397. The circuit court had attempted to correct its mistake by stating in writing on multiple occasions that its intent was to sentence the defendant to life with all but 50 years suspended, not 50 years' incarceration. *Id.* at 398. Based on those writings, the defendant's commitment record was changed to reflect a sentence of life with all but 50 years suspended. As a result, he was then treated as a "lifer," with all of the negative consequences attendant to that designation. *Id.* at 398-99. That change to the commitment record, however, had been accomplished with no notice to the defendant and without a hearing. *Id.* at 398. Observing that the rules prohibited modifying, reducing, or striking a sentence except in open court after notice, the Court determined that the original sentence of 50 years' incarceration "was never corrected properly" and, therefore, that the revised commitment record was "of no legal force or effect." *Id.* at 399.

We find Mr. Bratt's reliance on *Mateen* to be misplaced for three reasons. First, the change in *Mateen* was to the term of the inmate's sentence, not to the ministerial calculation of the proper amount of credit for time served. As the Court explained, a sentence of 50 years is materially different from a sentence of life suspend all but 50 years. *Id.* at 395, 406. Here, the term of Mr. Bratt's sentence has never changed. It has, at all times, been two life sentences to be served consecutively. Moreover, the court had already determined

13

in 1995 that Mr. Bratt should receive credit for time served. The issue that arose in 2017 was solely the proper amount of time to credit.

Second, the change in *Mateen* was accomplished without any notice to the defendant and was contrary to the defendant's interests. *Id.* at 398-99. Here, by contrast, the change to the commitment record was not only in Mr. Bratt's interest, but was, in substance, precisely what he asked for in his 2017 Petition for Credit. Indeed, Mr. Bratt has been transparent in acknowledging that his sole complaint with the 2017 Amendment is that by not holding a hearing and resentencing him, the court deprived him of an opportunity to later file a motion for modification under Rule 4-345(e). However, he fails to identify any reason why a recalculation of credit for time served should or must provide him a right to seek such a modification—which by Rule must be sought within 90 days of imposition of a sentence—34 years after the imposition of his sentence.

Third, unlike in *Mateen*, the change at issue here was susceptible to being accomplished without a hearing. As the State points out, commitment records may be corrected pursuant to Rule 4-351[5] without a resentencing or a hearing. *See Scott v. State*, 379 Md. 170, 190-91 (2004) (affirming correction of commitment record under Rule 4-351(a) and concluding that no hearing was required under Rule 4-345, where the court did not intend to modify, reduce, correct, or vacate the sentence). In *Scott*, the circuit court

---

[5] Rule 4-351 identifies the content of a commitment record that must be entered whenever "a person is convicted of an offense and sentenced to imprisonment . . . ." Md. Rule 4-351(a). The Rule also provides that "[a]n omission or error in the commitment record or other failure to comply with this Rule does not invalidate imprisonment after conviction." Md. Rule 4-351(b).

14

held a hearing on the defendant's motion to correct an illegal sentence, which the court denied in a written opinion. 379 Md. at 177. In the same opinion, the court ordered that changes be made to the defendant's commitment record, including specifying the correct start date for the sentence to account for time served before his conviction. *Id.* at 177-78. The Court of Appeals held that this and other changes to the commitment record did not have to be made during a hearing in open court because "Rule 4-345 did not apply; rather, Rule 4-351(a), regarding commitment records, governed [the judge's] actions. Rule 4-351(a), unlike Rule 4-345, does not require a hearing in open court." *Id.* at 190-91 (footnote omitted). Because the court's intent in amending the commitment record was not to change the term of the defendant's sentence itself, Rule 4-345 did not apply. *Id.*; *see also Lawson*, 187 Md. App. at 109 ("Rule 4-345 applies only when the court intends to make changes to a pronounced sentence.").

Mr. Bratt does not argue that a hearing is required before a commitment record may be corrected under Rule 4-351. Instead, he insists that the court's 2017 action was not accomplished under Rule 4-351 because he expressly made his request pursuant to Rule 4-345 and he expressly sought a hearing under Rule 4-345(f). However, it is the substance of a motion, not its label, that governs. *See Davis v. Bd. of Educ. for Prince George's County*, 222 Md. App. 246, 271 (2015) ("[W]hen motions and other pleadings are considered by a trial judge, it is the substance of the pleading that governs its outcome, and not its form.") (quoting *Hill v. Hill*, 118 Md. App. 36, 44 (1997)) (emphasis removed). Although the circuit court could have held a hearing on Mr. Bratt's request in November

15

2017, it was not required to do so. The action the court took instead at that time was perfectly valid and appropriate to accomplish the necessary task of amending the commitment record to reflect the correct start date for Mr. Bratt's sentence. We see no basis for voiding or disregarding the 2017 Amendment.

In summary, we conclude that (1) Mr. Bratt's sentence, since it was initially imposed in 1983, has been two life terms of imprisonment to be served consecutively, (2) Mr. Bratt's statutory entitlement to credit for time served was recognized by the court in 1995, (3) in November 2017, the court ordered that an amendment be made to the commitment record to correct an erroneous calculation of that credit that had apparently been based on incomplete information, (4) no hearing was required before that amendment, because the change could be accomplished pursuant to Rule 4-351(a), and (5) as a result of the 2017 Amendment, there was no illegality in either the term of his sentence or the amount of credit he had been afforded at the time he filed his 2018 Motion to Correct. The circuit court therefore erred in granting Mr. Bratt's motion to correct an illegal sentence, striking his then-existing sentence, and resentencing him.

**MOTION TO DISMISS DENIED. ORDER OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED. COSTS TO BE PAID BY APPELLEE.**

16