*Larry Daniel Bratt v. State of Maryland*, No. 39, September Term, 2019. Opinion by Hotten, J.

**CRIMINAL LAW—SENTENCING—CREDIT FOR TIME SERVED— CORRECTION TO COMMITMENT RECORD—MOTION TO CORRECT AN ILLEGAL SENTENCE**

The Court of Appeals held that the failure to award credit for time served against a sentence was not an illegality to which Rule 4-345 applies.  Rather, Rule 4-345 applies to substantive illegalities that exist in the sentence itself.  Failure to award credit is a procedural defect that is not appropriately addressed by a motion to correct an illegal sentence because it has no impact on the substance of the sentence or whether the sentence is permitted by law. Accordingly, the Court held that Petitioner was not entitled to a hearing under Rule 4-345.

Rule 4-351 is the appropriate vehicle to address the failure to award credit for time served because Rule 4-351 governs the maintenance of commitment records and dictates that the commitment record shall reflect any credit "allowed to the defendant by law."  Therefore, to achieve a correction or change of the commitment record mandated by Rule 4-351, the appropriate vehicle is a motion to amend the commitment record.

IN THE COURT OF APPEALS

OF MARYLAND

No. 39

September Term, 2019

_____

LARRY DANIEL BRATT

v.

STATE OF MARYLAND

_____

Barbera, C.J.,
McDonald,
Watts,
Hotten,
Getty,
Booth,
Biran,

JJ.

_____

Opinion by Hotten, J.

_____

Filed: April 28, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

This appeal arises from a decision of the Circuit Court for Anne Arundel County, granting a motion to correct an illegal sentence filed by Larry Daniel Bratt ("Petitioner"), after his earlier filed Petition for Credit had been granted and his commitment record adjusted to reflect credit for time served. The State appealed to the Court of Special Appeals, which reversed and held that although a Rule 4-345[1] motion to correct an illegal sentence was an appropriate mechanism to request an adjustment to the commitment record, the alleged sentence illegality had been remedied by his prior Petition for Credit, which did not require a hearing. We granted *certiorari* to consider the following questions:

1. Does the failure of a sentencing judge to award a defendant mandatory credit against the sentence for time served in custody prior to trial render

---

[1] **RULE 4-345. SENTENCING—REVISORY POWER OF THE COURT**

**(a) Illegal Sentence.** The court may correct an illegal sentence at any time.

**(b) Fraud, Mistake, or Irregularity.** The court has revisory power over a sentence in case of fraud, mistake, or irregularity.

**(c) Correction of Mistake in Announcement.** The court may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding.

***

**(f) Open Court Hearing.** The court may modify, reduce, correct, or vacate a sentence only on the record in open court, after hearing from the defendant, the State, and from each victim or victim's representative who requests an opportunity to be heard. The defendant may waive the right to be present at the hearing. No hearing shall be held on a motion to modify or reduce the sentence until the court determines that the notice requirements in subsection (e)(2) of this Rule have been satisfied. If the court grants the motion, the court ordinarily shall prepare and file or dictate into the record a statement setting forth the reasons on which the ruling is based.

the sentence illegal and subject to correction under Maryland Rule 4-345(a)?

2. What is the proper remedy to correct the illegality when a sentence does not reflect the proper credit?

Cross-petitioner/Respondent, the State, phrases its questions as follows:

1. Is the claim that a sentencing court failed to comply with Md. Code Ann., Crim. Proc. § 6-218(e) properly raised in a Rule 4-345(a) motion when the court's alleged failure to do so is a procedural flaw, i.e., not the result of a determination by the court that the defendant is not entitled to any or only partial credit for time that the defendant spent in pre-sentencing detention?[2]

2. Where the defendant alleges that the sentencing court failed to comply with Md. Code Ann., Crim. Proc. § 6-218, and there is no dispute that the defendant is entitled to the credit that he or she requests, must the defendant seek correction of the procedural flaw by filing a Rule 4-351[3]

---

[2] In its brief, the State consolidated its questions presented into a single question:

When a defendant seeks correction of a commitment record, does that claim raise a procedural issue rather than a substantive claim, such that it is properly addressed as a motion to correct a commitment record, and not as a motion to correct an illegal sentence?

[3] **RULE 4-351. COMMITMENT RECORD**

**(a) Content.** When a person is convicted of an offense and sentenced to imprisonment, the clerk shall deliver or transmit to the officer into whose custody the defendant has been placed a commitment record containing:

(1) The name and date of birth of the defendant;

(2) The docket reference of the action and the name of the sentencing judge;

(3) The offense and each count for which the defendant was sentenced;

(4) The sentence for each count, the date the sentence was imposed, the date from which the sentence runs, and any credit allowed to the defendant by law;

(continued . . .)

motion or may the defendant seek the same relief by filing a Rule 4-345(a) motion?

We shall affirm the decision of the Court of Special Appeals, but for different reasons explained *infra*.

## BACKGROUND

Following a jury trial in August 1983, Petitioner was convicted in the Circuit Court for Anne Arundel County of two counts of first-degree murder for the 1981 murders of John and Donna Carback.[4] At sentencing, two consecutive life terms were imposed. The sentencing judge expressed the following:

> Well…the [jury] verdict speaks for itself and I'm not going to make any comment upon it. As to count one, the sentence and judgment of the [c]ourt is that you receive the maximum sentence provided by law which is life. As to count two, the sentence is the same, the maximum provided by law, life. Each of the sentences to be concurrent, I'm sorry, consecutive, one to the other.

_____

(. . . continued)

> (5) A statement whether sentences are to run concurrently or consecutively and, if consecutively, when each term is to begin with reference to termination of the preceding term or to any other outstanding or unserved sentence;
>
> (6) the details or a copy of any order or judgment of restitution; and
>
> (7) the details or a copy of any request for victim notification.
>
> ***
>
> **(b) Effect of Error.** An omission or error in the commitment record or other failure to comply with this Rule does not invalidate imprisonment after conviction.

[4] For reasons that will become apparent, the facts of the underlying crime are irrelevant to our resolution of the issues presented.

Petitioner appealed the conviction to the Court of Special Appeals, which affirmed. *Bratt v. State*, 62 Md. App. 535, 490 A.2d 728, *cert. denied*, 304 Md. 95, 497 A.2d 818 (1985). Neither the trial judge nor defense counsel referenced any credit for time served against Petitioner's consecutive life terms, and Petitioner's commitment record reflected the same. Because the commitment record issued did not indicate a start date, the consecutive life terms began on the date of sentencing, August 8, 1983.

In 1992—nine years after Petitioner was sentenced—Petitioner sent a communication to the trial judge requesting credit for time served pre-trial, which included ten months in the Anne Arundel County Detention Center and three months in DeKalb County, Georgia.[5] Petitioner also requested that the court modify his two life sentences from consecutive to concurrent terms of imprisonment. Both requests were denied. Approximately three years later on July 26, 1995, the Commitment Record Specialist from the Maryland Division of Corrections ("DOC"), Ava Gift, sent a letter to the court, which reflected that Petitioner had been in pre-trial custody at the Anne Arundel County Detention Center from October 26, 1982 until August 8, 1983. In the letter, Ms. Gift informed the court that Petitioner was entitled to 48 days of "good conduct" credits. These "good conduct" credits were not the equivalent of pre-trial credit for time served. She also inquired whether Petitioner's sentence should commence on the date of his detention in

---

[5] Petitioner was arrested on July 16, 1982 in DeKalb County, Georgia on unrelated charges. On August 17, 1982, an arrest warrant was issued for Petitioner, in relation to the murder of John and Donna Carback. Petitioner was held in custody in the DeKalb County jail from the date of his Georgia arrest until his transfer to Maryland on October 26, 1982. The charges stemming from the Georgia arrest were dismissed on November 10, 1982.

Anne Arundel County or the date of sentencing. There was no mention of the time Petitioner asserted he had served in Georgia prior to his detention in Anne Arundel County, nor was this time credited.

On August 15, 1995, the court issued an amendment to the commitment record. The amendment reflected that Petitioner had earned "48 days credit," but did not specify when the sentence was to commence. Ms. Gift sent a follow-up correspondence to the trial judge on August 24, 1995, inquiring whether the "sentence imposed on August 8, 1983 should effectively begin on October 26, 1982[.]" In response, the trial court issued a September 8, 1995 order, noting that Petitioner was entitled to credit for time served, commencing from the date of incarceration at the Anne Arundel County Detention Center. As such, Petitioner was granted just 48 days of credit for good conduct and credit for time served in Anne Arundel County prior to the date of conviction.

More than twenty years later, Petitioner filed the two motions underlying this appeal. On October 18, 2017, Petitioner filed a Petition for Pre-Trial Incarceration Credit and Correction of Commitment Record ("Petition for Credit") arguing that he was entitled to 102 total days of credit for the pre-trial time served in Georgia preceding his transfer to the Anne Arundel County Detention Center, and that the credit awarded to date only reflected time served pre-trial *after his transfer to Maryland.*[6] Petitioner alleged that his

---

[6] Petitioner attached a "Proof of Incarceration" form and other documentation reflecting that he had been held in custody in Georgia from the date of his arrest until his transfer to Maryland. Petitioner did not provide this documentation with his prior request for credit for time served.

5

sentence should have commenced on July 16, 1982, the date of his detention in Georgia, instead of October 26, 1982. In the Petition for Credit, Petitioner requested a hearing pursuant to Rule 4-345(f), which requires that, in the context of an illegal sentence, a "modif[ication], reduc[tion], correct[ion], or vacat[ion] of a sentence" be conducted "only on the record in open court, after hearing from the defendant, the State, and from each victim or victim's representative who requests an opportunity to be heard." Md. Rule 4-345(f).

The State did not challenge the relief sought in the Petition for Credit, but argued that Petitioner was not entitled to a hearing on the Petition. On November 3, 2017, Petitioner's Petition for Credit was granted without a hearing. The court ordered the clerk to amend the commitment record to reflect that Petitioner's sentence began on July 16, 1982. Accordingly, the clerk issued a new commitment record on November 6, 2017. Petitioner's counsel then filed a Motion for Modification of Sentence ("Motion for Modification"), which the trial judge dismissed after determining the motion was "prematurely filed."

On January 30, 2018, Petitioner filed a motion to correct an illegal sentence ("Motion to Correct"). In his motion, he again argued that the original sentencing judge failed to apply the appropriate credits for time served, and "pursuant to Maryland Rule 4-345(f) an illegal sentence can be corrected '. . . only on the record in open court.'" His primary concern was the failure of the court to hold a hearing on the matter in November 2017. Petitioner alleged that the November 2017 amendment to his commitment record "was of no legal force or effect" in the absence of a hearing. According to Petitioner,

6

because the amendment was "of no legal force or effect[,]" his original sentence without the appropriate credit for time served was still in effect and that sentence constituted an illegal sentence, needing correction. Petitioner also filed a Motion for Modification to be held *sub curia*, in the event the court disagreed that a hearing was required and denied the Motion to Correct.

The trial court granted the request for a hearing and scheduled the matter for February 28, 2018. During the hearing, the State argued that the commitment record could be corrected under Maryland Rule 4-351, and that the failure to award credit did not constitute an illegal sentence under Maryland Rule 4-345. The State expressed concern that a judicial determination that the failure to award credit constitutes an illegal sentence would create "a cottage industry of searching for credit on all cases to bring people back for motions for modification." Thereafter, the court amended the commitment record from the bench so that the imposed sentence began on July 16, 1982, but continued the case to May 3 and June 5, 2018 to allow both parties to prepare for further argument on the motion.

On July 3, 2018, the Honorable Stacey McCormack issued a Memorandum Opinion and Order, finding that the original sentence was in fact illegal, and that the 2017 amendment was insufficient to correct the illegal sentence as "a hearing in open court was required." The judge wrote,

> [t]here is no question that Maryland Rule 4-345(a) specifically provides that a "[c]ourt may correct an illegal sentence at any time." There is also no question in this case that the Defendant is entitled to 102 days of pretrial credit. The State conceded as much. Thus, the only question for this [c]ourt to decide is what section of the Maryland Rules apply in this case. As previously noted, the Defendant contends that [his] sentence, as is, constitutes an illegal sentence and that pursuant to Md. Rule 4-345(a) and (f)

7

that illegal sentence (1) may be corrected at any time and (2) requires a hearing in open court. The State disagrees and contends that the sentence in this case is not the kind of illegal sentence contemplated by Md. Rule 4-345 and that the error in this case can [be corrected] under Maryland Rule 4-351. The reason for the disagreement is simple. The law in Maryland is clear. If this [c]ourt were to find that Md. Rule 4-345 applies[,] then the Defendant is entitled to file a [Motion for] Modification of Sentence within 90 days of the imposition of the corrected sentence. If this [c]ourt were to find that Md. Rule 4-351 applies, the Defendant would not be permitted to file such a motion.

According to the trial judge, Petitioner was "serving **two consecutive life sentences PLUS 102 days** for two counts of first-degree murder when the maximum sentence allowed by law would be two consecutive life sentences." (Emphasis in original). In open court, the judge vacated the original sentence and resentenced Petitioner to two consecutive life terms—the first term commencing on July 16, 1982. The trial judge advised Petitioner that, as a result of her decision, he was entitled to file a Motion for Modification in the circuit court, but was required to do so within 90 days of the court's decision, noting that the previously filed Motion for Modification was premature and would not be considered. Petitioner filed a new Motion for Modification on October 29, 2018 and that motion was held *sub curia*. On January 28, 2019, the clerk corrected the commitment record to reflect a "[s]entence start date of July 16, 1982 with 388 days credit for time served" in Georgia and Maryland prior to trial. The State timely appealed to the Court of Special Appeals, arguing that the failure to award credit for time served is not a substantive illegality that is properly addressed through a Rule 4-345 motion to correct an illegal sentence.

8

**Opinion of the Court of Special Appeals**

In a reported opinion, the Court of Special Appeals reversed. *State v. Bratt*, 241 Md. App. 183, 209 A.3d 209 (2019). The Court found that an alleged denial of credit for time served may be addressed in a motion to correct an illegal sentence under Rule 4-345(a) and (f). However, the Court noted that the 2017 amendment to the commitment record reflecting that Petitioner was incarcerated in July 1982 and was entitled to credit for time served was sufficient to correct any resulting sentence illegality. *Id*. at 198, 209 A.3d at 218. Because of the amendment, "there was no illegality in either the term of his sentence or the amount of credit he had been afforded at the time he filed his 2018 Motion to Correct." *Id*. at 198, 209 A.3d at 218. Therefore, the Court found that the trial judge erred by granting the 2018 Motion to Correct, striking the then-existing sentence, and imposing the same sentence with credit for time served. *Id*.

Relying on *Smith v. State*, the Court reasoned that a motion to correct an illegal sentence would have been an appropriate mechanism for Petitioner to address the lack of credit for time served had the earlier Petition for Credit not resolved the issue, because the "failure to give proper credit for time served before conviction . . . results in a separate violation of a statutory requirement to provide [] credit against that term." *Id*. at 190, 209 A.3d at 213 n. 2 (citing *Smith v. State*, 31 Md. App. 310, 320, 356 A.2d 320, 325 (1976) ("[T]he 12-year term imposed was legal and the only aspect of the sentence that was illegal was the lack of credit for time served.")). The Court found the State's argument that the failure to award credit is a "procedural issue," not a substantive illegality that is properly addressed through a Rule 4-345 motion, unpersuasive because the failure to award credit

9

for time served is "a defect that [] increases the length of time an inmate is required to serve beyond what is permitted by the statute." *Id*. at 193, 209 A.3d at 215. The Court reasoned that the "increase" in the length of time served rendered the sentence illegal, and given the substantive illegality, the failure to award credit was the "proper subject of a motion to correct an illegal sentence." *Id*. at 194, 209 A.3d at 216.

In sum, the Court concluded that:

(1) Mr. Bratt's sentence, since it was initially imposed in 1983, has been two life terms of imprisonment to be served consecutively, (2) Mr. Bratt's statutory entitlement to credit for time served was recognized by the court in 1995, (3) in November 2017, the court ordered that an amendment be made to the commitment record to correct an erroneous calculation of that credit that had apparently been based on incomplete information, (4) no hearing was required before that amendment, because the change could be accomplished pursuant to Rule 4-351(a), and (5) as a result of the 2017 Amendment, there was no illegality in either the term of his sentence or the amount of credit he had been afforded at the time he filed his 2018 Motion to Correct.

*Id*. at 197–98, 209 A.3d at 218.

**STANDARD OF REVIEW**

The issue of whether the failure to award credit against a sentence for time served constitutes an illegality is a question of law. *State v. Crawley*, 455 Md. 52, 66, 166 A.3d 132, 140 (2017) (citing *Meyer v. State*, 445 Md. 648, 663, 128 A.3d 147, 156 (2015)) ("Whether a sentence is an illegal sentence under Maryland Rule 4–345(a) is a question of law[.]"). This Court reviews purely legal questions *de novo*—without deference to the decisions of the court(s) below. *Id*.

10

We construe the meaning of Maryland Rules using the well-settled principles of statutory construction and interpretation. *Bailey v. State*, 464 Md. 685, 696, 212 A.3d 912, 918 (2019) (citing *Lee v. State*, 332 Md. 654, 658, 632 A.2d 1183, 1185 (1993)). "We thus look to the plain meaning of the language employed in these rules and construe that language without forced or subtle interpretations designed to limit or extend its scope." *Lee*, 332 Md. at 658, 632 A.2d at 1185 (internal citations omitted). When interpreting the Rules and clarifying an ambiguity in the language, we may look to external evidence, such as prior Maryland case law. *See Greco v. State*, 347 Md. 423, 429, 701 A.2d 419, 422 (1997) (interpreting prior Maryland case law to determine the meaning of the word "imposition" in the context of Maryland Rule 4-345(b)).

## DISCUSSION

The trial court erred in granting the motion to correct an illegal sentence, because it was not the appropriate mechanism for challenging the failure to award credit against a sentence.

Petitioner contends that he was not given the full credit against his sentence for time spent in custody prior to his transfer to Maryland, and the 2017 amendment to his commitment record, resulting from his Petition for Credit, was "of no legal force or effect" because the presiding judge failed to hold a hearing on the motion before issuing the correction. He argues that the failure to apply credit for time served in another jurisdiction was a "sentence illegality" under Maryland Rule 4-345 that entitled him to a hearing under the same Rule and the failure to hold the hearing was "yet another illegality" subject to correction.

11

The State maintains that Rule 4-345 is inapplicable to the case at bar. According to the State, Rule 4-345 is the appropriate mechanism to correct a *substantive* sentence illegality and the failure to award credit against a sentence is merely a *procedural* defect, having no bearing on whether the sentence imposed was legally permissible. The State also argues that the underlying credit discrepancy was not a substantive illegality, to which Rule 4-345 applies, because the failure to award credit for time served did not "inhere" in the sentence itself. The State contends that Rule 4-351 is the proper vehicle for the court to correct an issue with a commitment record in accordance with Maryland Code, Criminal Procedure Article ("Crim. Proc.") § 6-218,[7] which governs entitlement to credit for time served in custody. We agree.

---

[7] Crim. Proc. § 6-218 provides, in relevant part:

**Credits against definite or life sentence, or minimum and maximum terms of indeterminate sentence**

(b)(1) A defendant who is convicted and sentenced shall receive credit against and a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all time spent in the custody of a correctional facility, hospital, facility for persons with mental disorders, or other unit because of:

(i)      the charge for which the sentence is imposed; or

(ii)     the conduct on which the charge is based.

(2) If a defendant is in custody because of a charge that results in a dismissal or acquittal, the time that would have been credited if a sentence had been imposed shall be credited against any sentence that is based on a charge for which a warrant or commitment was filed during that custody.

(continued . . .)

12

Credit for time served in the custody of a correctional facility is mandatory. Crim. Proc. § 6-218; *see also Lawson v. State*, 187 Md. App. 101, 107, 975 A.2d 357, 360 (2009) ("The [] plain meaning [of Section 6-218] is that, upon conviction, a defendant must be credited for time he has served in custody 'because of' that crime[.]"). It is undisputed that the Petitioner was entitled to credit for time served pre-trial, and that the failure to award such credit warranted correction. The parties also agree that Petitioner was in custody beginning on July 16, 1982, and accordingly, the correct start date for his sentence was July 16, 1982. The disagreement concerns the appropriate mechanism through which a court may achieve a correction to the commitment record to reflect credit for time served— a Rule 4-345 Motion to Correct or a motion to amend the commitment record pursuant to Rule 4-351.

I. **The failure to award credit does not render the sentence illegal, and therefore, a motion to correct an illegal sentence is not the proper mechanism for addressing the credit issue.**

A. <u>The failure to award credit for time served is a procedural deficiency that does impact the substance of the sentence.</u>

Maryland Rule 4-345 is a vehicle for sentence modifications where an illegal sentence has been imposed. An illegal sentence is one that is "not permitted by law." *State*

---

(. . . continued)
>  (3) In a case other than a case described in paragraph (2) of this subsection, the sentencing court may apply credit against a sentence for time spent in custody for another charge or crime.

The purpose of Section 6-218 is "to ensure that a defendant receive as much credit as possible for time spent in custody as is consistent with constitutional and practical considerations." *Fleeger v. State*, 301 Md. 155, 165, 482 A.2d 490, 495 (1984).

*v. Wilkins*, 393 Md. 269, 273, 900 A.2d 765, 767–68 (2006) (quoting *Walczak v. State*, 302

Md. 422, 427, 488 A.2d 949, 951 (1995)).  Rule 4-345 applies in "those situations in which

the illegality [of the sentence] inheres in the sentence itself; *i.e.*, there either has been no

conviction warranting any sentence for the particular offense or the sentence is not a

permitted one for the conviction upon which it was imposed and, for either reason, is

intrinsically and substantively unlawful."[8]  *Chaney v. State*, 397 Md. 460, 466, 918 A.2d

506, 510 (2007).  Judge Moylan elaborated on the notion of an illegal sentence in *Corcoran*

*v. State*, 67 Md. App. 252, 507 A.2d 200 (1986), stating:

> The notion of an "illegal sentence" within the contemplation of the *Walczak*[9] decision deals with substantive law, not procedural law.  It has obvious reference to a sentence which is beyond the statutorily granted power of the judge to impose.  It does not remotely suggest that a sentence, proper on its face, becomes an "illegal sentence" because of some arguable procedural flaw in the sentencing procedure.

*Corcoran*, 67 Md. App. at 255, 507 A.2d at 202*; see also Burch v. State*, 346 Md. 253,

289, 696 A.2d 443, 461 (1997) ("Not every procedural irregularity, even in a capital

sentencing proceeding, results in [an illegal sentence.]").[10]

---

[8] We have consistently stated that a sentence is inherently illegal when it exceeds the limits prescribed by a statute or rule.  *See, e.g., Baker v. State*, 389 Md. 127, 133–34, 883 A.2d 916, 919–20 (2005) (holding that a sentence is inherently illegal if "the sentence never should have been imposed[]").

[9] In *Walczak*, this Court held that a condition of probation to pay restitution to an alleged victim, in connection with a crime that the defendant was ultimately not convicted of committing, was an illegal sentence because it exceeded the statutory authority to impose restitution.  302 Md. at 433, 488 A.2d at 954.

[10] The Supreme Court has also addressed procedural deficiencies in sentencing in *Hill v. United States*, 368 U.S. 424, 82 S. Ct. 468 (1962).  There, a trial judge did not afford

(continued . . .)

To that point, our case law distinguishes between "inherently" illegal sentences—subject to correction at any time under Rule 4-345(a)—and "procedurally" illegal sentences—"subject to ordinary review and procedural limitations[.]" *Bryant v. State*, 436 Md. 653, 663, 84 A.3d 125, 131 (2014); *see also Carlini v. State*, 215 Md. App. 415, 419–20, 81 A.3d 560, 563 (2013); *Tshiwala v. State*, 424 Md. 612, 619, 37 A.3d 308, 312 (2012). "An error committed by the trial court during the sentencing proceeding is not ordinarily cognizable under Rule 4-345(a) where the resulting sentence or sanction is itself lawful." *Wilkins*, 393 Md. at 275, 900 A.2d at 769; *see also Montgomery v. State*, 405 Md. 67, 74–75, 950 A.2d 77, 81–82 (2008). In determining whether a sentence is "illegal," the focus is not whether a judge's conduct is "per se illegal," but whether the sentence itself is permitted by law. *Id*. at 284, 900 A.2d at 774. If a sentence is deemed illegal and subject to correction under Rule 4-345, it may be corrected at any time and even if: "(1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal." *Chaney*, 397 Md. at 466, 918 A.2d at 509. However, a motion to correct an illegal sentence may not be

---

(. . . continued)

a defendant the opportunity to make a statement on his behalf during his sentencing hearing. *Id*. at 425, 82 S. Ct. at 469–70. The defendant argued that his sentence should have been vacated because the failure to apprise him of his right to make a statement before his sentence was imposed violated Rule 32(a) of the Federal Rules of Criminal Procedure. *Id*., 82 S. Ct. at 470 (footnote omitted). The Supreme Court treated his motion to vacate as a motion to correct an illegal sentence and held that the sentence was not illegal because "the punishment meted out was not in excess of that prescribed by the relevant statutes[]" and the terms of the sentence itself were not "legally or constitutionally invalid[.]" *Id*. at 430, 82 S. Ct. at 472.

15

used as a belated attempt to obtain appellate review of the sentencing proceedings. *Wilkins*, 393 Md. at 273, 900 A.2d at 768.

In *Wilkins*, the Court considered whether the sentencing judge's "failure to recognize his or her right to exercise discretion in the imposition of a sentence" renders the sentence illegal within the confines of Rule 4-345(a). *Id*. at 272, 900 A.2d at 767. In that case, the defendant, Ralph Edwards Wilkins, was convicted of first-degree murder and sentenced to life imprisonment. *Id*. At sentencing, Wilkins's attorney argued that the trial court had discretion under Art. 27, Sections 641A[11] and 643[12] to impose a lesser sentence than life imprisonment for first-degree murder. *Id*. at 277, 900 A.2d at 770. The court

---

[11] Effective October 1, 2001, Art. 27, § 641A was repealed and re-enacted without substantive change as Md. Code, §§ 6–221 through 6–222(a) of the Criminal Procedure Article.

[12] Effective October 1, 2002, Art. 27, § 643 was repealed and re-enacted without substantive change as Md. Code, § 14–102 of the Criminal Law Article ("Crim. Law"). Crim. Law § 14–102 provides:

**§ 14-102. Sentencing for crimes with minimum and maximum penalties**

**In general**

(a) Subject to subsection (b) of this section, if a law sets a maximum and a minimum penalty for a crime, the court may impose instead of the minimum penalty a lesser penalty of the same character.

**Exceptions**

(b) This section does not affect:

(1) a maximum penalty fixed by law; or

(2) the punishment for any crime for which the statute provides one and only one penalty.

16

disagreed with the notion that it "could give something [other] than life imprisonment[.]" *Id*. at 277, 900 A.2d at 770. More than thirty years after his sentencing and direct appeal, Wilkins moved to correct his sentence as an illegal sentence. *Id*. at 271, 900 A.2d at 767. He argued that in failing to recognize his authority to suspend the life sentence, the trial judge "effectively converted Wilkins's sentence into an illegal 'mandatory' life sentence[,]" which was subject to correction under Rule 4-345(a). *Id*. at 275, 900 A.2d at 769. The trial court denied the motion. *Id*. at 272, 900 A.2d at 767. The Court of Special Appeals reversed, holding that the sentencing court's "failure to recognize its right to consider suspending a portion of … [a life] sentence renders the sentence illegal." *Id*. at 272, 900 A.2d at 767 (quoting *Wilkins v. State*, 162 Md. App. 512, 525, 875 A.2d 231, 239 (2005)). This Court held that the allegation that the trial judge erred in failing to recognize his authority under Art. 27 did not "inhere in the sentence itself." *Id*. at 274, 900 A.2d at 769. It did not "inhere in the sentence" because the imposition of a life sentence for first-degree murder was statutorily and constitutionally permissible under the law. *Id*. The Court further concluded that "[a] [Rule 4-345] motion to correct an illegal sentence [was] not an appropriate vehicle to address the question raised in this case[,]" because the alleged procedural defect in sentencing had no effect on the legality of the actual sentence imposed. *Id*. at 284, 900 A.2d at 775.

Similar to *Wilkins,* the allegation that Petitioner was entitled to credit for time served, and that the trial judge failed to award credit when he issued the corresponding commitment record, is a defect in sentencing *procedure* that does not render the sentence itself inherently illegal. Although Crim. Proc. § 6–218 entitles Petitioner to credit for time

17

served pre-trial, the allegation that the trial judge failed to award appropriate credit for time served is not an allegation that the *substance* of the sentence itself was unlawful. The defect is not substantive because there is no "obvious reference to a sentence which is beyond the statutorily granted power for the judge to impose." *Corcoran*, 67 Md. App. at 255, 507 A.2d at 202. In the instant case, the sentence did not go beyond what was permitted by law. Stated differently, the sentence of two consecutive life terms was neither increased nor decreased beyond what is statutorily prescribed as a result of said failure to award credit. The credit for time served is functionally irrelevant to the legality of the sentence imposed, which was two consecutive life terms. Moreover, the pronounced sentence of two consecutive life terms for the crime charged comports with Crim. Law § 2-201, which mandates a life sentence for all forms of first-degree murder. *See* Crim. Law § 2–201(b). Because the "terms of the sentence itself [were not] legally or constitutionally invalid in any other respect[,]" the sentence imposed was not inherently illegal and Rule 4-345 was not an appropriate mechanism for challenging the failure to award credit for time served. *Hill*, 368 U.S. at 430, 82 S. Ct. at 472.

The circuit court and the Court of Special Appeals believed that failure to award the 102 days of credit against his sentence meant that Petitioner was serving two consecutive life terms *plus* 102 days. However, the failure to award credit for time served does not increase the length of the sentence. The fact that this procedural flaw had the practical effect of extending the length of time that Petitioner spent in prison is unrelated to the substance of the sentence imposed, because a subsequent change of the commitment record to reflect the appropriate credit would not disturb the sentence. The Court of Special

18

Appeals relied on *Smith v. State* to reach the conclusion that the sentence was an illegal

sentence subject to modification under Rule 4-345. 31 Md. App. at 310, 356 A.3d at 320.

We do not find *Smith* convincing or instructive, because its characterization of what

constitutes an illegal sentence contradicts our more recent decisions regarding the narrow

scope of the Rule 4-345 motion. In *Smith*, the defendant was retried and convicted for

murdering her husband.[13] *Id*. at 310, 356 A.3d at 320. After trial, she was sentenced to

twelve years of active incarceration. Credit was not given for time she spent incarcerated

prior to the new trial. *Id*. at 312, 356 A.3d at 321. In imposing the sentence, the presiding

judge stated:

> I concluded that the appropriate sentence to be imposed would be imposed
> as starting as of now, *without regard to her previous incarceration, which
> has been a period of nineteen months.* And the sentence is to be twelve years
> in the custody of the Department of Corrections. That sentence is to start as
> of today. *So that in effect, the nineteen months that she had already served
> is eliminated.* Half of her sentence from the twenty-four years, the first
> twelve years have already been taken care of by her nineteen months
> incarceration under this sentence, because this is a new sentence of twelve
> years starting today.

*Id*. at 312–13, 356 A.2d at 321–22 (emphasis added). The judge later realized that he had

made a mistake and the failure to award credit for the nineteen months Smith had already

---

[13] In *Smith v. State ("Smith I")*, 273 Md. 152, 328 A.2d 274 (1974), Smith was convicted of second-degree murder. She appealed to the Court of Special Appeals, which affirmed her conviction. 20 Md. App. 254, 315 A.2d 76 (1974). "The Court [] reversed the judgment of the Court of Special Appeals, which, then, as directed, vacated its mandate[,]... reversed the judgment of the Criminal Court of Baltimore[,] and remanded the case for a new trial." *Smith*, 31 Md. App. at 311–12, 356 A.2d at 320. Smith pleaded guilty and was sentenced accordingly. *Id*.

19

served was "illegal." *Id*. at 313, 356 A.2d at 322. Thereafter, the judge vacated the twelve-year sentence, replaced it with a fifteen-year sentence, and applied nineteen months' credit for time served. *Id*. at 314, 356 A.2d at 322. The Court of Special Appeals held that the original twelve-year sentence was not an "illegal sentence" subject to modification *per se*, but the lack of credit for time served was, in and of itself, illegal. *Id*. at 320, 356 A.2d at 325.

Since the Court of Special Appeals decision in *Smith*, we have expounded on the distinction between procedural and substantive illegalities and expressly limited the application of Rule 4-345 to those situations resulting in a substantive illegality. Failure to follow proper sentencing procedure as mandated by Crim. Proc. § 6-218 does not render the substance of the sentence illegal. *See Bryant*, 436 Md. at 663, 84 A.3d at 131 ("[T]here is a critically dispositive difference between a procedurally illegal sentencing process and an inherently illegal sentence itself[.]"). The Court in *Smith* acknowledged as much, stating that the sentence itself *was* legal. *Smith*, 31 Md. App. at 320, 356 A.2d at 325. Accordingly, we decline to extend the limitation of Rule 4-345 to include procedural defects such as the failure to award credit.

B. <u>The failure to hold a hearing on the 2017 Petition was not a separate substantive sentence illegality.</u>

Petitioner relies on our prior decision in *Mateen v. Saar* to argue that his sentence is "inherently illegal" because the trial judge failed to hold a hearing before correcting his sentence. 376 Md. 385, 397–98, 829 A.2d 1007, 1014 (2003). *Mateen* is inapposite. In *Mateen*, this Court held that Mateen was illegally sentenced to fifty years of imprisonment

when the governing statute required that "[a] person found guilty of murder in the first degree shall be sentenced to either death or to imprisonment for life[.]"[14] *Id*. at 397, 829 A.2d at 1014. There was a discrepancy in whether the trial judge intended to sentence Mateen to life with all but fifty years suspended or a flat fifty-year term of imprisonment. The Court determined that the trial judge illegally imposed the latter sentence.[15] This Court reasoned that the applicable statute mandated a minimum sentence of life imprisonment and the imposition of "a straight 50-year sentence for first[-]degree murder was illegal." *Id*. Mateen was therefore entitled to a hearing in open court to correct the resulting illegality and, in the absence of a hearing and notice to the defendant, any change to the commitment record to correct the illegal sentence was "of no legal force or effect." *Id*. at 406, 829 A.2d at 1019. In his case, the basis for holding that Mateen was entitled to a hearing was the illegality of the sentence. *Id*. at 399, 829 A.2d at 1015 ("Mateen's sentence

---

[14] Mateen was originally sentenced to life imprisonment. *Mateen*, 376 Md. at 389, 829 A.2d at 1009. Mateen filed a petition for post-conviction relief, in which he argued that trial judges had the discretion to impose a lesser sentence than life imprisonment for first degree murder and the failure of the trial judge to recognize that he could suspend the life sentence renders his sentence illegal. *Id*. at 390, 829 A.2d at 1009. The post-conviction court agreed with Mateen and he was resentenced accordingly. *Id*. The sentencing judge issued a commitment record that reflected the following sentence: "Prisoner is committed to the jurisdiction of the Commissioner of Correction commencing on 9-9-72 for a period of [f]ifty (50) years." *Id*. at 390, 829 A.2d at 1010. The sentencing judge later clarified that he intended to sentence Mateen to life and suspend all but 50 years. *Id*. at 398, 829 A.2d at 1014–15. This Court held that the docket entries and commitment record evidencing a 50-year sentence controlled and the new commitment order and the sentence change report were "of no legal force or effect." *Id*. at 399, 829 A.2d at 1015.

[15] "If there is doubt as to the penalty, then the law directs that [the] punishment must be construed to favor a milder penalty over a harsher one." *Id*. at 397, 829 A.2d at 1013–14 (citing *Robinson v. Lee*, 317 Md. 371, 379–80, 564 A.2d 395, 399 (1989)).

21

[] was never corrected properly because there was never a hearing on the record or notice provided to the parties, as was required by Maryland Rule 744(c)."[16]). The very statute under which Mateen was tried and convicted required a minimum punishment of a life sentence.[17] *Id*. at 397, 829 A.2d at 1014. By failing to impose the appropriate penalty— and replacing it with a lesser punishment that was not permitted by law—the trial judge imposed an illegal sentence subject to correction. *Id*. Accordingly, this Court reversed and held the trial judge had imposed an illegal sentence that was subject to correction; however, the attempted correction was invalid in the absence of a hearing on the motion.

Unlike *Mateen*, there was no such illegality in the sentence imposed, entitling Petitioner to a hearing. The terms or substance of his sentence never changed, and it had already been settled that Petitioner was entitled to credit for time served. The entitlement to a hearing that Petitioner seemingly regards as a separate substantive illegality is derived directly from the language of Rule 4-345 and the requirement that the trial court "modify, reduce, correct, or vacate a sentence only on the record in open court," after hearing from the respective parties, applies only where the trial court is attempting to correct an illegal

---

[16] What is now Maryland Rule 4-345 then read:

> A modification or reduction or striking of sentence shall be made on the record in open court after notice to the defendant and the State's Attorney. A new sentence specifying the modification or reduction made shall be entered of record.

Md. Rule 744(c).

[17] A sentencing judge has the discretion to suspend all or part of a life sentence for first degree murder. *State v. Wooten*, 277 Md. 114, 116–18, 352 A.2d 829, 831 (1976).

sentence. *See* Rule 4-345(f); *see also Scott v. State*, 379 Md. 170, 190–91, 840 A.2d. 715, 727 (2004) (concluding that no hearing was required under Rule 4-345, where the court did not intend to modify, reduce, correct, or vacate the sentence). It does not apply where the trial judge needs to change the commitment record to reflect credit for time served. Thus, we find the argument that Rule 4-345 applies under these facts unavailing.

C. The language of the Rule does not contemplate the type of correction Petitioner sought.

A change of the commitment record is also not a "modification"[18] of an illegal sentence under Rule 4-345. In *Lawson v. State*, the Court of Special Appeals addressed the very issue of whether a correction to the commitment record constitutes a sentence modification under Rule 4-345. 187 Md. App. 101, 975 A.2d 356 (2009). There, the prosecution sought to correct the commitment record after it was determined that Lawson was improperly awarded more than seven months credit for time served, which conflicted with the terms of his existing plea agreement. *Id.* at 104, 975 A.2d at 358. The trial court granted the motion. Lawson subsequently filed a motion to correct an illegal sentence, arguing that the removal of the awarded credit would result in an impermissible, illegal increase in his sentence under Rule 4-345. *Id.* at 104–05, 975 A.2d at 358–59. The Court of Special Appeals stated:

> Rule 4–345 *applies to sentence modifications. The credit at issue here was never part of the sentence.* Thus, correcting the commitment record to

---

[18] Rule 4-345 and the hearing requirement ordinarily apply only when the court seeks to "modify, reduce, correct, or vacate a *sentence.*" *Scott*, 379 Md. at 190–91, 840 A.2d at 727 (emphasis in original). Where there has been no change to the pronounced sentence, and the trial judge intends only to correct the commitment record, Rule 4-345 does not apply. *Id.*

23

remove the credit was not a modification of the sentence, and Rule 4–345 did not apply. Moreover, the sentence was not increased by correcting the commitment record to remove the credit for time served because the credit had not been given, and was not required to be given, to begin with.

*Id*. at 110, 975 A.2d at 362 (emphasis added).

Here, the credit error was separate and apart from the sentence imposed. *See Haskins v. State*, 171 Md. App. 182, 188–89, 908 A.2d 750, 754 (2006) (noting that "a motion to correct an illegal sentence is entertained only where the alleged illegality was in the sentence itself or the sentence never should have been imposed[]" and a credit calculation error is not part of the sentence itself). Correcting the commitment record to add credit is not the type of modification contemplated by Rule 4-345.[19] Rule 4-345 governs *sentence* modifications—it is intended to modify those sentences that are, in and of themselves, illegal. In attempting to correct the failure to award the appropriate credit, nothing about the pronounced *sentence* changed. The sentence is unaffected by the procedural error because the credit at issue was "never part of the sentence" to begin with. Notwithstanding the failure to award credit, Petitioner was still subject to consecutive life

---

[19] We are aware that Maryland Rule 4-351 does not expressly authorize a motion to correct a commitment record. Maryland Rule 4-351(b) provides that "[a]n omission or error in the commitment record or other failure to comply with this Rule does not invalidate imprisonment after conviction." It is clear from the language in subsection (b) that an error in the commitment record may be corrected after sentencing and that such an error does not nullify the sentence. We would suggest that the Standing Committee on Rules of Practice and Procedure consider revising Maryland Rule 4-351 to expressly set forth that the commitment record may be corrected upon motion. Just as in this case, these motions are currently being filed and ruled upon in trial courts.

terms for each count of first-degree murder. Accordingly, the court need not "modify" or otherwise correct the sentence itself to achieve the goal of awarding the required credit.

**II.** **Rule 4-351 is the appropriate mechanism for challenging the failure to award credit because Rule 4-351 governs the maintenance of commitment records.**

Maryland Rule 4-351 is the appropriate vehicle for achieving a correction of the commitment record. Rule 4-351 dictates that the commitment record contain "the sentence for each count, the date the sentence was imposed, the date from which the sentence runs, and any credit allowed to the defendant by law." Failure to include this information in the commitment record only warrants correction to the commitment record, not the pronounced sentence. The plain language of Rule 4-351(b) confirms as much, providing that "the effect of an error or omission in the commitment record or other failure to comply with this Rule does not invalidate imprisonment after conviction." In other words, this type of commitment record error or omission does not nullify the sentence or term of imprisonment imposed, which would ordinarily require resentencing or a hearing. Instead, the commitment record error or omission is addressed through a motion to amend the commitment record to reflect credit for time served.

In *Scott v. State*, we stated that Rule 4-351 governs where the trial judge attempts to correct a commitment record error or otherwise amend the commitment record. 379 Md. at 190–91, 840 A. 2d at 727. The Court of Special Appeals reached a similar conclusion in *Lawson*, holding that Rule 4-351 was the appropriate mechanism to challenge the removal of credit for time served. 187 Md. App. at 109, 975 A.2d at 357 ("Rule 4-345 applies only when the court intends to make changes to a pronounced sentence."). In

25

*Howsare*, the Court of Special Appeals also found that an analogous credit calculation error "does not invalidate imprisonment after conviction or amount to an illegal sentence." *Howsare v. State*, 185 Md. App. 369, 398, 970 A.2d 951, 968 (2009) (quoting Md. Rule 4-351(b)). The defendant was entitled to credit for six years and 360 days against his twenty-year sentence as of May 9, 2008, but instead, his commitment record reflected the following: "[A]s of 6/20/08 the defendant is accorded credit for 6 years, 359 days against [his] 20-year sentence...." *Id*. at 398, 970 A.2d at 968. The Court reasoned that an error of this sort was not properly addressed through a motion to correct an illegal sentence, and instead, the "proper remedy is to file a [Maryland Rule 4-351(b)] motion to correct the commitment order." *Id*. We reach a similar conclusion and hold that the failure to award credit for time served is an issue resolved by filing a motion pursuant to Rule 4-351.

Here, the commitment record issued by the clerk did not include the date from which the sentence commenced, nor did the record reflect credit for time served. These procedural errors regarding the commitment record are contemplated by Rule 4-351, not Rule 4-345. To remedy the deficiencies in the commitment record, Petitioner properly filed a petition for pre-trial credit, which was granted on November 3, 2017. At that time, the clerk included a start date of July 16, 1982 and indicated that Petitioner had earned the requisite credits for time served pre-trial. Granting the Motion to Correct an Illegal Sentence when there was not a substantive sentence illegality would entitle Petitioner to a hearing under Rule 4-345(f) and allow Petitioner an additional opportunity to file a motion for modification of his sentence. We decline to extend the reach of Rule 4-345 to include this type of sentence calculation issue. The commitment record issue here bore no

substantive impact on the sentence imposed and, because Petitioner is not entitled to a hearing under Rule 4-351, the failure to award credit for time served was adequately addressed through the 2017 Petition for Credit. Therefore, the amended commitment record was "of legal force or effect" and Petitioner's sentence commenced on July 16, 1982.

## CONCLUSION

The trial court failed to award credit for time served. The failure to award credit is a procedural error that is clearly subject to correction. However, the trial court did not impose an inherently illegal sentence because the failure to award credit is not an illegality that lies within the sentence itself. The failure to award credit for time served against an otherwise legal sentence is appropriately addressed through Rule 4-351. As such, we hold that, in the absence of a corresponding sentence illegality, Rule 4-345 does not apply.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS IS AFFIRMED. COSTS TO BE PAID BY PETITIONER LARRY DANIEL BRATT.**

27